IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HEIDI M. TESSIER,<br><br>  Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17CV143DAK<br><br>JUDGE DALE A. KIMBALL |

This matter is before the court on Plaintiff's appeal of the Social Security Administration's denial of her claim for disability insurance benefits under Title II of the Social Security Act. This court has jurisdiction to review the final decision of the Commissioner of the Social Security Administration under the Social Security Act, 42 U.S.C. § 405(g). On January 11, 2018, the court held oral argument on Plaintiff's appeal. At the hearing, Plaintiff was represented by Wendy Wheeler, and Defendant was represented by Jessica Milano. The court took the matter under advisement. Having fully considered the parties' briefs and arguments, the administrative record, and the law and facts relevant to the appeal, the court enters the following Memorandum Decision and Order remanding the case to the Social Security Administration.

## BACKGROUND

On April 2, 2013, Plaintiff filed a Title II application for disability insurance benefits, alleging disability beginning March 15, 2012. The Social Security Administration denied the claim on September 19, 2013, and Plaintiff requested a hearing. An Administrative Law Judge held a hearing on Plaintiff's claim on November 17, 2015, and issued a denial of Plaintiff's claim on December 9, 2015. The Appeals Council denied Plaintiff's subsequent request for review, rending the ALJ's decision the Commissioner's final administrative decision.

At the time of her application for benefits, Plaintiff was 49 years old. She has a bachelor's degree and master's degree in education with two reading endorsements. She was an early childhood teacher during the 1990s and an elementary school teacher from 2001 through March 2012. In March 2012, Plaintiff suffered a stroke, which caused cognitive disorders, depression, anxiety, bipolar II disorder, and increased the severity of her peripheral neuropathy. The ALJ found that Plaintiff had the following severe impairments: stroke, transient ischemic attack, cognitive disorder, depression, bipolar, and anxiety.

## LEGAL STANDARD

To be found "disabled" under the Social Security Act, the plaintiff must establish her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. 423(d)(1)(A). Under the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 416.920.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id.* § 416.920(b). At step two, the ALJ must determine whether the claimant has

a medically determinable impairment or combination of impairments that is severe. *Id.* § 416.920(c). At step three, the ALJ determines whether the claimant's impairment or combination of impairments is of a severity to meet, or be considered medically equal to, the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* §§ 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity. *Id.* § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. At step four, the ALJ must determine whether the claimant has the residual functional capacity to perform the requirements of her past relevant work. *Id.* § 416.920(f). At the last step, the ALJ must determine whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. *Id.* § 416.920(g).

## ALJ'S DECISION

The ALJ analyzed Plaintiff's claim under the five-step process. The ALJ determined that Plaintiff had not been engaged in substantial gainful activity since the stroke in March 2012. The ALJ found that Plaintiff had several severe impairments. Under Step 3, the ALJ concluded that Plaintiff's combination of impairments were not medically severe because they did not reach the level of severity contemplated by the listed impairments and her mental impairments did not result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace, or repeated episodes of decompensation.

The ALJ next found Plaintiff's residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with the following limitations: frequently climb ramps or

3

stairs, but never climb ladders, ropes, or scaffolds; occasionally crouch and crawl; frequently balance, stoop, and kneel; and, avoid even moderate exposure to hazards and operation of a motor vehicle. In addition, the ALJ found that Plaintiff's ability to understand, remember, and carry out job instructions is limited, but she can still understand, remember, and carry out short, simple instructions. Also, the ALJ determined that while Plaintiff's ability to make judgments in work-related decisions is impaired, she can make simple work-related decisions and she could interact with supervisors and coworkers.

At step four, the ALJ recognized that Plaintiff was unable to perform her past relevant work. However, at the final step, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ relied on the testimony of the vocational expert that Plaintiff would be able to work as a housekeeper and production assembler. Accordingly, the ALJ found that Plaintiff was not disabled.

## STANDARD OF REVIEW

The court independently determines "whether the ALJ's decision is 'free from legal error and supported by substantial evidence.'" *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2006) (quoting *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005)). Under 42 U.S.C. § 405(g), "[t]he findings of the Commission of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052. Although the court "will 'not reweigh the evidence or retry the case,'" it "meticulously examine[s] the record as a whole,

4

including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).

## ANALYSIS

Plaintiff appeals the ALJ's decision, arguing that the ALJ erred in failing to analyze Plaintiff's peripheral neuropathy in the sequential evaluation, in making his RFC determination, in rejecting testimony from Plaintiff's treating sources, and in determining credibility.

The ALJ failed to list Plaintiff's peripheral neuropathy as a severe or a non-severe impairment. However, the impairment is documented in Plaintiff's medical records and there is evidence in the record that the impairment greatly impacts Plaintiff's functional capacity. Many witnesses testified as to the impact of the peripheral neuropathy on Plaintiff's ability to work and do basic tasks. There is evidence that Plaintiff cannot cook a meal, takes short showers, and cannot be in a store for more than thirty minutes because of leg pain. The ALJ did not discuss this evidence or explain why or how it was not credible. This failure is critical to the overall evaluation of Plaintiff's disability given that there is evidence in the record that Plaintiff's peripheral neuropathy could prevent her from performing the two jobs in the economy that the ALJ found she was capable of maintaining–a housekeeper or a product assembler. The ALJ found that Plaintiff could do light work requiring up to six hours of standing a day. However, this finding is contrary to substantial evidence from several witnesses. If the peripheral neuropathy keeps Plaintiff from being able to cook a meal, it is difficult to comprehend how she could be a housekeeper or on an assembly line for eight hours a day. The ALJ's decision does not sufficiently address this condition or the limitations it places on Plaintiff's ability to work.

The court, therefore, believes it is compelled to remand the case back to the ALJ for a full consideration of the impairment's impacts at each step of the evaluation process.

In addition, the ALJ improperly weighted the opinions from the state's consultants and discounted the opinions of Plaintiff's treating sources. The ALJ failed to analyze the information from these witnesses based on the supporting medical evidence in the record. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). Boxes checked on an evaluation form by a non-treating physician, "standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence." *Frey v. Bowen*, 816 F.3d 508, 515 (10th Cir. 1987) ("[F]indings of a non-treating physician based upon limited contact and examinations are of suspect reliability."). Plaintiff's treating physicians were consistent between themselves and consistent with the other witnesses. The only inconsistencies in the record were the findings of the state agency consultants, who had very limited interaction with Plaintiff. The ALJ in this case appears to have created an RFC based on the consultants' limited information and used any contradiction in the treating sources' analyses as a basis for discounting that source's opinions. Such an approach appears to be putting the cart before the horse and improperly limited the information provided by the treating physicians. The court concludes that such an approach should be remedied on remand.

After reviewing the administrative record as a whole, the court concludes that it must remand the case to the Commissioner of the Social Security Administration for further review consistent with this decision.

## CONCLUSION

Based on the above reasoning, the court REMANDS the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 12th day of January, 2018.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge